IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JOHN D. BLACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:12CV892 |
| | ) | |
| PNC BANK, BB&T BANK, AARP LIFE INSURANCE, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on the Motions to Dismiss filed by Defendant PNC Bank [Doc. #11], by Defendant BB&T Bank [Doc. #17], and by Defendant AARP Life Insurance [Doc. #23]. Plaintiff John D. Black, proceeding *pro se*, has responded in opposition to the motions [Doc. #27]. For the reasons set out below, the Court recommends that Defendants' Motions to Dismiss be granted and that this action be dismissed.

I.  FACTS, CLAIMS, AND PROCEDURAL HISTORY

Plaintiff filed his Complaint alleging that Defendants are part of a "fraud insurance conspiracy to make money on plaintiff dead or alive or otherwise using plaintiff money with fraud and other non-legal means." (Compl. [Doc. #2] at 2.) He alleges that he is a resident of North Carolina and that "the defendant," without specifying which Defendant, has "a principal place of unharness in North Carolina." (Id.) Plaintiff further alleges that there is diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. (Id.)

Plaintiff's allegations regarding the "fraud insurance conspiracy" are not intelligible. He claims that he opened a checking and savings account with Defendant BB&T Bank and deposited $1,200 in the savings account and $150 in the checking account. Plaintiff then alleges that he wrote a check for $23 payable to Defendant AARP Life Insurance. He returned to Defendant BB&T and allegedly discovered that it had "taken the money in amount of $1,200 from Plaintiff's savings account and transferred it to the checking account and then invested it with AARP to change Plaintiff insurance plan from AARP Life Insurance to New York Life Program to make money on Plaintiff dead or alive." (Compl. [Doc. #2] at 2.) Plaintiff further alleges that this caused his checking account to be overdrawn, and he closed the savings and checking accounts. Plaintiff contends that Defendant BB&T thereafter "recreated documents and continued accepting Plaintiff's direct deposits . . . and continued taking monies and making them payable to Defendant, New York Life Program." (Id. at 3.) Plaintiff then makes some unclear allegations regarding "two civil action suits." He then claims that Defendant PNC Bank established a bank account without his consent and now holds "money and judgments belonging to Plaintiff." (Id.) Plaintiff seeks relief "provided under the law & punitive damage." (Id. at 4.)

Defendant PNC Bank moves to dismiss Plaintiff's claims based upon Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). Defendant BB&T Bank moves to dismiss all claims based upon Federal Rules of Civil Procedure 9(b), 12(b)(1), and 12(b)(6). Finally, Defendant New York Life Insurance Company (claiming it was improperly sued as "AARP Life Insurance") moves to dismiss all of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915(e).

2

II.   DISCUSSION

   A.   Motions to Dismiss for Lack of Jurisdiction under Rule 12(b)(1)

When a defendant raises a Rule 12(b)(1) challenge to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff. <u>Richmond, Fredericksburg & Potomac R.R. Co. v. United States</u>, 945 F.2d 765, 768 (4th Cir. 1991). In deciding such a motion, the court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." <u>Id.</u> "In short, when a defendant asserts that the complaint fails to allege sufficient facts to support subject matter jurisdiction, the trial court must apply a standard patterned on Rule 12(b)(6) and assume the truthfulness of the facts alleged. On the other hand, when the defendant challenges the veracity of the facts underpinning subject matter jurisdiction, the trial court may go beyond the complaint, conduct evidentiary proceedings, and resolve the disputed jurisdictional facts." <u>Kerns v. United States</u>, 585 F.3d 187, 193 (4th Cir. 2009); <u>see also Richmond, Fredericksburg & Potomac</u>, 945 F.2d at 768 (noting that on a substantive challenge to subject matter jurisdiction, "[t]he moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law"). If the Court determines that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

In the present case, Plaintiff refers to diversity of citizenship in his Complaint, and provides no other possible basis for this Court's subject matter jurisdiction other than diversity of citizenship under 28 U.S.C. § 1332(a)(1). In its Motion to Dismiss, Defendant BB&T Bank

notes that because it is a citizen of North Carolina and Plaintiff is a citizen of North Carolina, this Court lacks subject matter jurisdiction and the action should be dismissed under Rule 12(b)(1). With respect to this contention, Plaintiff alleges in his Complaint that he is a resident of North Carolina, and his mailing address in Raeford, North Carolina, bears this out. (Compl. [Doc. #2] at 2.) Plaintiff provides no other information regarding his citizenship, and all of the evidence in the record points to Plaintiff being a citizen of North Carolina. Plaintiff has not shown that a genuine issue of material fact exists on this issue. The record also shows that Defendant BB&T is a North Carolina citizen. A corporation is a citizen of the state of its incorporation and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Defendant BB&T has submitted the Declaration of its Assistant General Counsel, Christopher Okay, who states that Branch Banking & Trust Company conducts all of the corporation's retail banking operations and that it "was formed and exists as a domestic corporation under the laws of North Carolina." (Decl. [Doc. #18-1] at 3.) In addition, the location where the company's activities are directed, controlled, and coordinated is in North Carolina. (Id.) Plaintiff does not dispute these factual contentions. Because the record shows that both Plaintiff and Defendant BB&T are citizens of the same state, and Plaintiff has not raised a genuine issue of material fact as to this issue, diversity jurisdiction does not exist for this Court to consider Plaintiff's action. See Cent. W. Va. Energy Co. v. Mt. State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011) (diversity jurisdiction requires that the citizenship of every plaintiff be different from the citizenship of every defendant). This action should therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

B. Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6)

All of the Defendants have also moved to dismiss all of Plaintiff's claims for failing to state a claim upon which relief could be granted pursuant to Rule 12(b)(6). Given the above finding that this Court lacks subject matter jurisdiction in this case, the Court need not address this issue. However, the Court notes that even if this Court did have subject matter jurisdiction, it is clear that Plaintiff's claims are subject to dismissal for failing to state a valid claim for relief. A plaintiff fails to state a claim on which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In this case, the facts as outlined by Plaintiff do not allow this Court to reasonably infer that any Defendant is liable for misconduct which could give rise to a valid claim on behalf of Plaintiff. The elements of fraud under North Carolina law are: (1) a false representation or concealment of a material fact; (2) reasonably calculated to deceive; (3) made with the intent to deceive; (4) which in fact does deceive; (5) resulting in damage to the injured party. Forbis v. Neal, 361, N.C. 519, 526-27, 649 S.E.2d 382, 387 (N.C. 2007). In addition, under Federal Rule of Civil Procedure 9(b), a party must plead with particularity the circumstances constituting fraud, including the time, place, and contents of the false representation, as well as the identity of the person making the representation and what he obtained thereby. Spaulding v. Wells Fargo Bank,

5

N.A., 714 F.3d 769, 781 (4th Cir. 2013). Plaintiff's factual allegations do not come close to stating the required elements with particularity.

In addition, Plaintiff has not stated a claim for civil conspiracy. The elements of a civil conspiracy are: (1) an agreement between two or more persons to commit a wrongful act; (2) an act in furtherance of the agreement; and (3) damage to the plaintiff as a result of the wrongful act. Henderson v. LeBauer, 101 N.C. App. 255, 260, 399 S.E.2d 142 (1991); Boyter v. Moynihan, No. 3:12CV586, 2013 WL 1349283 (W.D.N.C. Apr. 3, 2013). However, an independent cause of action for civil conspiracy does not exist under North Carolina law. It must be brought with another valid claim. Because Plaintiff has not stated another valid claim to which a conspiracy claim could attach, Plaintiff has not stated a claim for conspiracy. See id.

Accordingly, even if this Court had subject matter jurisdiction, none of Plaintiff's allegations state a claim upon which relief could be granted.

III. CONCLUSION

IT IS THEREFORE RECOMMENDED that Defendants' Motions to Dismiss [Doc. #11, #17, #23] be GRANTED, and that this action be DISMISSED.

This, the 19th day of August, 2013.

/s/ Joi Elizabeth Peake
United States Magistrate Judge